## YOXTHEIMER *v.* KEYSER.

1. A declaration of a discharged bankrupt that he was going to pay the particular debt, which was the cause of action, as quick as he got able, and that he was going to pay all his honest debts except some in the city, though expressive of

an intention, does not constitute an engagement to pay, which is necessary to give legal effect to the moral obligation.

2. This kind of evidence has been carried further to avoid the statute of limitations than it ought to be, to avoid a bankrupt's discharge.

WRIT of error to the Common Pleas of Northumberland.

In the court below, this was an appeal from the judgment of a justice of the peace, in which Henry Keyser was the plaintiff and Henry Yoxtheimer was the defendant. Yoxtheimer had assumed to pay a certain judgment against Keyser, for a valuable consideration moving to him from the latter. Without having paid that judgment, Yoxtheimer went into bankruptcy and obtained a discharge. After that discharge, in a conversation with Keyser and his son Henry, to the inquiry of Keyser if he was going to pay that judgment yet, Yoxtheimer replied that he was going to pay it as quick as he got able; and when the son Henry said that he, too, was broken, and intended to pay all his honest debts as fast as he could, Yoxtheimer replied that he was going to do the same, but there were some debts in the city he never intended to pay. After this conversation this suit was commenced. These are the only facts in the case which are material to its understanding, as it has been treated in this court.

The court below was requested by the defendant, as his second point, to charge the jury that the promise, as proved by Henry Keyser, Jr., even if believed by the jury, will not entitle the plaintiff to recover, without proof of the acquisition of sufficient property to pay all his debts (or this debt) after the promise was made. The court charged that if the jury believe the testimony of the witness, then the plaintiff will be entitled to recover, if the jury are satisfied, that at, or after the time the promise was made, the defendant was of sufficient ability to pay this debt. A promise to pay a debt when one gets able, is a contingent debt, and is not absolute till the happening of the event. Was the defendant of sufficient ability to pay the debt before the suit was brought?

The verdict was for the plaintiff. The answer to this and to another point, was assigned for error here.

*Jordan* and *Hegins*, for the plaintiff in error.

*Miller*, contrà, cited M'Kinley *v.* O'Keson, 5 Barr, 369: an absolute promise by a bankrupt to pay a debt, discharged by a certificate, is binding, though not made to the creditor or to his authorized agent.

PER CURIAM.—That the plaintiff in error came as near to fix

2 H 2

himself by a promise to pay as he could without doing so, is extremely clear; but he seems to have studiously kept himself on the windy side of the law. To an inquiry whether he would pay this debt, he replied that "he was going to pay it as soon as he got able," and that he was going to pay all his honest debts, except some in the city.

This, though expressive of an intention, did not constitute an engagement, which is necessary to give legal effect to a moral obligation; it is not enough that there was a recognition of the debt, which, in M'Kinley v. O'Keson (where however there was an absolute promise), was perhaps too broadly said, in reference to a bankrupt, to be evidence of a promise to pay. The effect of such evidence has been carried very far to avoid the statute of limitations; much further than it ought to be in order to avoid a bankrupt's discharge, which would otherwise be a dead letter. The bankrupt in this case expressed the same intention to pay *all* his honest debts, except those in the city, and he certainly did not mean 'to waive the benefit of his discharge as to all the rest. If the foundation of the action fails, it is unnecessary to consider the other exceptions.

Judgment reversed.