## Cooper *versus* The Oriental Savings and Loan Association.

1. In general, where the charter of a corporation has expired, said corporation has no power to issue a scire facias sur mortgage.

2. By virtue, however, of the provisions of the Act of April 26th 1869 (P. L. 1223), all building and loan associations incorporated and located within the city of Philadelphia, may, for the purpose of winding up their affairs, issue a scire facias upon a mortgage held by them, even after the expiration of their charter.

3. Such scire facias may issue although the land upon which the mortgage is secured is not situated within the city and county of Philadelphia.

4. The provisions of said Act are not in conflict with the last clause. of art. I., § 25 of the Constitution of 1838, which declares that "no law hereafter to be enacted shall create, renew or extend the charter of more than one corporation." They are intended merely to give building associations, after the expiration of their charters, authority to collect and distribute their remaining assets, and not to renew or extend the term of their corporate existence.

[Cooper *v.* Oriental Savings and Loan Association.]

April 24th 1882.   Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Bucks county:*
Of July Term 1881, No. 85.

Scire facias sur mortgage, by the Oriental Savings and Loan
Association against Samuel Cooper.  Pleas, payment with leave,
&c., expiration of plaintiff's charter, dissolution of corporation,
nul tiel corporation.

On the trial, before WATSON, P. J., the following facts ap-
peared :—The plaintiff was a corporation chartered by the Court
of Common Pleas of Philadelphia county, June 6th 1853, for
ten years, under sec. 4 of the Act of April 22d 1850 (P. L. 550),
and sec. 5 of the Act of April 12th 1851 (P. L. 441).

This charter was not renewed by any Act of Assembly or
decree of court, and therefore expired June 6th 1863.   The
last election of officers, whose term under the by-laws was one
year, was held May 18th 1863.  The mortgage in suit was upon
land in Bucks county, and was executed by the defendant July
15th 1857, and recorded the same day in said county.   The
scire facias issued February 4th 1879 ; and the plaintiff claimed
the full amount of the mortgage, less certain cash payments
made at various times by defendant—relying upon the Act of
April 26th 1869 (P. L. 1223), for its right to recover.   This act
provides as follows :

Section 1.   "That all building, saving and loan associations
may bring and maintain suits, and carry on those already brought
in their corporate names, on all judgments, bonds, mortgages,
notes or other evidences of debt or obligations due them, or for
monthly dues, interest, or any demand owing to them, and
proceed to judgment and execution, notwithstanding their char-
ter may have expired ; and the officers last elected, or the
survivors of them, shall be the officers to represent said corpora-
tions for such purpose ; and if no officer survive, the stockhold-
ers may elect others under their by-laws.

"Sec. 2.   That this act shall only be construed so as to en-
able said associations to collect up and divide their assets and
wind up their affairs, and not to allow them to transact new
business :   Provided, This Act shall only apply to the city of
Philadelphia."

The defendant submitted the following point :

"That the plaintiff's charter of incorporation having expired
on June 6th A.D. 1863, and that fact having been proved upon
the trial regularly under the pleadings in the cause, and the
suit at bar having been commenced after the expiration of
plaintiff's charter of incorporation, to wit : on February 4th
1879, the said action or suit cannot be maintained, and the cause

[Cooper v. Oriental Savings and Loan Association.]

must terminate and be dismissed by the court." Refused. (First, assignment of error.)

The court further instructed the jury as follows : " The plaintiff is entitled to recover the amount of money actually loaned upon the mortgage in suit, together with simple legal interest upon it, from the time it was loaned down to this day, deducting therefrom the payments made by the defendant at the time they were made."

Verdict and judgment accordingly for the plaintiff. Whereupon the defendant took this writ, assigning for error, the refusal of his point, and the portion of the charge of the court above cited.

*William & J. C. Stuckert*, for plaintiff in error.—By the Act of April 22d 1850, § 4, under which the defendant in error was incorporated, it is provided, " That no charter granted under or by virtue of the provisions of this act shall be for a longer time than ten years;" therefore its corporate existence terminated June 6th 1863 : Field on Corporations, § 481 ; Erie & N. E. R. Co. v. Casey, 2 Casey 307. It follows, that after this date the defendant in error had no power to sue, and that this action cannot be maintained in its name : Merrill v. Suffolk Bank, 31 Me. 37 ; Shamokin Valley & P. R. Co. v. Malone, 4 Norris 57 ; Wait on Actions and Defenses, vol. 5, p. 350 ; Farmers' Bank v. Little, 8 W. & S. 207 ; Building Association v. Anderson, 7 Phila. 106.

The Act of April 26th 1869, does not authorize the present action, because while the Legislature may preserve the debts of a corporation from extinction, by an appropriate statute in advance, yet it cannot revive debts, by a statute passed after they have become extinct : Robinson v. Lane, 19 Ga. 337 ; Commercial Bank v. Lockwood, 2 Harr. (Del.) 8 ; Angel & Ames on Corporations, § 778. A contract which has become void by force of its inherent conditions cannot be reinstated by an Act of Assembly : Plank Road Company v. Davidson, 3 Wright 435.

Again, the Act is unconstitutional since it renews in part at least the charters of a whole class of corporations contrary to article 1, sec. 25, Constitution of 1838, which provides that "no law hereafter enacted shall create, renew, or extend the charter of more than one corporation."

The proviso of the Act restricts its operation to the city and county of Philadelphia, hence it cannot be invoked to recover upon a mortgage of land in Bucks County : Commissioners v. Keith, 2 Barr 218.

*Lewis B. Thompson*, for defendant in error.—If the legal

[Cooper *v.* Oriental Savings and Loan Association.]

right of this association to recover its credits was suspended by the expiration of its charter in 1863, the moral and equitable right remained, and it was certainly within the power of the Legislature, by the Acts of April 30th 1864, and April 26th 1869, to enable it to utilize these equities. Neither of these acts is unconstitutional under the section of the Constitution of 1838, which provides that "no law hereafter enacted shall create, renew, or extend the charter of more than one corporation." This section does not apply to building associations, but only to associations with banking privileges: 35 P. S. R. 223; 30 Ibid. 465. This whole section relates exclusively to them: 21 P. S. R. 188; 22 Id. 380.

But neither of these acts attempts to create, renew or extend the charter of any corporation. They only provide a legal remedy, to enable those interested in the affairs of corporations in the condition in which this then was, to collect and distribute their unadministered assets, as the estates of intestate decedents are administered. When a corporation is dissolved by a repeal of its charter, the Legislature may appoint a person to take charge of its assets for the use of its creditors and stockholders, and the appointment of a person to take charge of the assets of a defunct corporation would be analogous to the appointment of an administrator of the goods of a decedent, or a committee for a lunatic: 2 Casey 307; O'Connor *v.* City of Memphis, Am. Law. Reg. for March 1882, p. 181.

The opinion of the court was delivered by Mr. Justice Mercur, October 2d 1882.

This contention is whether the defendant in error has such a corporate existence as to enable it to maintain this action of scire facias. Its charter was granted by the court of common pleas of the county of Philadelphia, on the 6th of June 1853, for a period of ten years, under the fourth section of the Act of 22d April 1850, P. L. 550, and the sixth section of the Act of 12th April 1851, P. L. 441. The mortgage was executed by the plaintiff in error, on the 15th July 1857, conditioned for the payment of $1,200 with interest, within one year, and also for the payment of six dollars in each month as and for the monthly contribution on six shares of stock of the association owned by him. The scire facias issued on the 4th of February 1879.

It is not pretended by the plaintiff in error that he paid the mortgage, but he contends that the expiration of the charter of the association in June 1863, worked such a dissolution of all its corporate powers as to preclude it from maintaining any action on the mortgage. This may be conceded to be the general law applicable to defunct corporations. The question, therefore, is whether other legislation has so far preserved the vitality of

[Cooper *v.* Oriental Savings and Loan Association.]

this association beyond the expiration of its general corporate powers, that it may collect this mortgage?

The Act of 30th April 1864, Pur. Dig. 186, pl. 16, declares in all cases where any savings fund, building or loan association, incorporated by the court of common pleas of the county of Philadelphia, may have become seised or possessed of any real estate or entitled to the same, and the term for which the charter may have been granted, shall have expired without their having made conveyance thereof, it shall and may be lawful for such association to sell and dispose of such real estate, and make title therefor, as fully and as effectually as if their charter had not expired. The first section of the Act of 26th April 1869, Pur. Dig. 187, pl. 18, declares, "all building, saving, and loan associations, may bring and maintain suits and carry on those already brought, in their corporate names, on all judgments, bonds, mortgages, or other evidences of debt or obligations due them, or for monthly dues, interest or any demand owing to them, and proceed to judgment and execution, notwithstanding their charter may have expired; and the officers last elected or the survivors of them, shall be the officers to represent said corporations for such purpose." Section second declares, "this Act shall only be construed so as to enable said associations to collect up and divide their assets, and wind up their affairs, and not to allow them to transact new business: provided that this Act shall only apply to the city of Philadelphia."

The injustice and confusion that would arise from prohibiting this class of associations from collecting their assets and distributing them among those entitled thereto, after the expiration of their charters, were clearly manifest. To cure these evils these remedial Acts were passed. Nothing therein indicates that the land to be sold and conveyed, nor the property mortgaged, must be situate in Philadelphia. It is sufficient if the association which holds the land or the mortgage, be incorporated and located there.

It is contended, if such be the case, and the intention of the statute was to authorize the maintenance of this action, that the Act is in conflict with the last clause of Art. 1, Sect. XXV. of the constitution of 1838 which declares, "no law hereafter enacted shall create, renew or extend the charter of more than one corporation," and further that the contract had become extinct and could not be reinstated by legislative power.

The Act of 1869 did not "create" charters, nor did it "renew" or "extend" the time of their existence according to the obvious meaning of the Constitution. The clause thereof quoted is in a section which relates to corporations "with banking or discounting privileges" and not to building or loan

[Cooper *v.* Oriental Savings and Loan Association.]

associations: Schober *v.* Accommodation Saving Fund and Loan Association, 11 Casey 223. Its purpose was to prevent improper combinations from obtaining privileges detrimental to the public welfare. It was· not to prevent the legislature from giving to other corporations, which had fulfilled their general purposes, authority to collect and distribute their remaining assets. The latter authority is all the Act of 1869 professes to do. It does not provide for any renewal of the original purposes of such corporations. It gives no authority to require monthly contributions, to assess dues, impose fines, make loans or issue stock. It merely provides a legal remedy to enforce a just and moral obligation. This the legislature may do: Lycoming *v.* Union, 3 Harris 166. A retrospective Act which merely touches the remedy, by removing a technical impediment is not unconstitutional: Hinckle *v.* Riffert, 6 Barr 196. Such a statute is valid as between parties and volunteers: Bolton *v.* Johns, 5 Id. 145. This action is solely between the parties to the mortgage. It is true a deed was given in evidence showing the plaintiff in error had conveyed the land to one Henry Cooper, yet no evidence of the payment of purchase money was shown, other than appeared on the deed. The deed bears date the 19th of April 1861, when the remedy on the mortgage was undoubted. A purchaser took then with full knowledge of the existence and validity of the mortgage.· He is no party to the record in this case and if he has a superior right to the property, he is not barred from asserting it by this judgment.

It was said in Erie & North East Railroad Company *v.* Casey, 2 Casey 287, "When a corporation is dissolved by a repeal of its charter, the legislature may appoint, or authorize the governor to appoint, a person to take charge of its assets for the use of its creditors and stockholders." The opinion likens it to the appointment of an administrator to a dead man or a committee for a lunatic. Such is substantially all the Act of 1869 provides for, and the manner in which the assets shall be collected is within legislative discretion. The learned judge committed no error.

Judgment affirmed.