## Scranton Securities Company v. Finnegan, etc.

*Leslie H. Simons*, for plaintiff.

*James E. O'Brien* and *J. Desmond Kennedy*, for defendant.

EAGEN, J., June 25, 1952.—This is a rule for judgment notwithstanding the verdict in an action to revive and continue the lien of a judgment. The history of the case follows. The original judgment was entered on May 29, 1929. On July 25, 1930, a writ of fi fa. issued and subsequently the sheriff made a return of nulla bona.

On May 17, 1951, a writ of sci. fa. q. ex. non. issued to which defendant after service filed an answer alleging: (1) That plaintiff corporation no longer existed as a legal entity, and, therefore, lacked legal capacity to prosecute the action, and (2) payment in full of the indebtedness which the judgment secured.

The issue came to trial before Eagen, J. Plaintiff offered ample and almost conclusive evidence to show that the indebtedness had never been paid. The presumption of payment due to lapse of time was clearly overcome: Corn v. Wilson et al., 365 Pa. 355.

The corporation was chartered by the State of Delaware in the year 1921, and its place of business was in Scranton, Lackawanna County, Pa. The business was discontinued and it closed up shop in the year 1934.

Documentary evidence showed that on April 1, 1935, the corporate charter was revoked by the State of Delaware for nonpayment of taxes and proclaimed void by the Governor of the State on January 20, 1936. On April 11, 1935, the corporation filed a withdrawal from business certificate with the Department of Revenue of the Commonwealth of Pennsylvania and on November 26, 1951, the Secretary of the Commonwealth revoked and canceled the corporation's certificate of authority to do business in Pennsylvania.

Defendant in view of this last recited testimony requested the trial court to give binding instructions in her favor. The request was denied and the case submitted to the jury upon the single question of whether or not the indebtedness had been paid. The jury decided the issue in favor of plaintiff corporation. The legal question raised by the motion presently before us is whether or not plaintiff corporation has sufficient legal existence to maintain the present action.

The law of the State of Delaware is determinative of the issue: American Transportation Co. v. Swift & Co. (1928), 24 F.(2d) 310. Since the passage of the

Pennsylvania Uniform Judicial Notice of Foreign Law Act of May 4, 1939, P. L. 42, the law of Delaware in respect thereto is for the court. It is no longer a question of fact to be proven at the trial. We must take judicial notice of the controlling Delaware statutes: Lorch v. Eglin, 369 Pa. 314.

What was the effect of the cancellation of this corporation's charter by the State of Delaware in respect to this particular action? Ordinarily and in general, the effect of dissolution of a corporation by the expiration of its charter is that its corporate existence is extinguished, so that it can no longer act as a corporation either before the courts or in business transactions: Savidge on Pennsylvania Corporations, vol. 2, page 962; Cooper v. Oriental Savings and Loan Association, 100 Pa. 402. If a corporation has lost its corporate existence in the State of its creation, it is defunct in every other State: Fletcher, Cyclopedia on Corporations, vol. 17, §8580.

What is the law of the State of Delaware in respect to this situation? Has it preserved the vitality of this corporation beyond the expiration of its general corporate powers, so that it may prosecute this suit?

Section 40 of the Act of 1925 (34 Delaware Laws, c. 112, sec. A) provides:

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established; Provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with re-

spect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders or decrees therein shall be fully executed."

If we interpret the meaning of this statute correctly then the pivotal question for decision seems to be whether or not this suit is the continuance of an action that was already begun and pending in 1935, when the corporation's charter was revoked, or it is a new action? If it was an action then pending, it would appear under the above-quoted statute that the corporation had limited legal existence for an indefinite period of time to bring the matter to a conclusion. If, however, a writ of sci. fa. q. ex. non. is a new action then plaintiff lacked legal capacity to institute and maintain it: American Transportation Company v. Swift & Co., 22 F. (2d) 457; Atkins v. Harriman & Co., Inc., 69 F. (2d) 66.

We have studied the numerous authorities cited in both briefs. While there are several confusing statements in Pennsylvania authorities as to the nature of sci. fa. proceedings, we conclude that such are not a new proceeding but rather a continuation of the original action.

In Irwin v. Nixon's Heirs, 11 Pa. 419, it was held that the judgment on a scire facias is not a new judgment giving vitality only from that time but it is a revival of the original judgment continuing its vitality with all its incidents from the time of its rendition. In Murphy v. Crawford, 114 Pa. 496, 499, it is said:

"The purpose of the writ is simply to continue a former suit to execution. It is therefore not an original

action, but the continuation of a pending suit, and the specific cause of action is the judgment."

In Lyon et al. v. Cleveland, 170 Pa. 611, we find the following: "The revival of a judgment means simply a new award of execution process for its collection."

In Cusano, admx., et al. v. Rubolino et al., 351 Pa. 41, 45, the court said:

"It must be borne in mind that a writ of scire facias is not an original writ, but is a process merely to continue or revive the lien of a judgment obtained in an original judgment."

Therefore, we conclude that plaintiff corporation has sufficient legal capacity to continue and maintain this action.

Therefore, June 25, 1952, the rule to show cause why judgment n. o. v. should not be entered in favor of defendant is discharged. The prothonotary is directed to enter a judgment upon the verdict.