# Bolton *versus* King.

1. The effect of a discharge in bankruptcy is to extinguish a pre-existing debt, and not merely to bar the remedy thereon.

2. While a mere acknowledgment will not revive a debt after the debtor's discharge in bankruptcy, the debtor may restore it by a new, clear, distinct and unequivocal promise to pay the specific debt without qualification or condition. The moral obligation to pay, coupled with the fact of the prior legal obligation, is a sufficient consideration for such new express promise.

3. In an action upon such claim the declaration must be upon the new promise. Where, however, plaintiffs declared against the members of a firm for a debt which had been discharged by bankruptcy, but thereafter had been ratified and confirmed, and on the trial proved a new and sufficient promise by one partner subsequent to his discharge to pay the debt: *Held*, that the Court properly permitted the narr. to be amended after verdict and before judgment so as to conform to the issue actually tried and the verdict of the jury.

4. A statement in the following terms: "We owe her the money; will pay her some day; can't say when," *held*, under the circumstances of this case, to be a sufficient new promise to support a suit for a debt which had been extinguished by proceedings in bankruptcy.

January 16th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ..

ERROR to the Court of Common Pleas No 1, of *Philadelphia county:* Of July Term, 1883, No. 38.

This action was originally begun in foreign attachment, by Mary King against Thomas Bolton, Henry Bolton and John Bolton, trading or late trading as The Bronx Company. Upon the entering of security the attachment was dissolved and the suit proceeded in assumpsit.

The narr. as originally filed, claimed to recover against the above named defendants the sum of $400, with interest from July 3, 1877, upon the following note:—

$400.                              NEW YORK, July 3, 1872.

On demand after date we promise to pay to the order of Mrs. Mary King, Four Hundred Dollars at our office. Value received.                              BRONX CO.
                                      J. M BOLTON, *Agt.*

[U. S. Stamp, 20 cents.]

[Indorsed,] September 9th, 1878, Received Twenty-eight Dollars interest to July 3, 1877.          MARY KING.

Pleas, non assumpsit, non assumpsit infra sex annos, and a special plea that after the cause of action accrued the defend-

ants became bankrupt, and were discharged by a decree of the District Court of the United States for the Southern District of New York, made April 17, 1879. Plaintiff joined issue on the plea of the statute of limitations, and replied to the special plea that the defendants, after their discharge in bankruptcy ratified and confirmed their promises, &c. On this replication defendants joined issue.

On the trial, before ALLISON, P. J., and before verdict, the plaintiff, by leave of the Court and without objection by defendants, amended the record by striking out the names of Thomas and John Bolton as defendants and the words "trading or late trading as the Bronx Company" wherever the same occur in the record," so that the cause shall proceed as if the suit had been brought against one of the defendants, Henry B. Bolton, only," and the cause was tried, without objection by the defendant, as if Henry B. Bolton only had been sued and declared against in the narr., on a promise made by him after his discharge in bankruptcy.

The testimony showed that in November, 1880, the plaintiff, Mary King, met the defendant Bolton and asked him for the interest on the note. He replied. "I don't know till I get home ; I will see about it when I get home." She afterwards saw him in May, 1881, and he said to her—"You will get the money some day, either you or your heirs . . . . . I have written to Mr. Shallcross." In the meantime Mrs. King had placed the note in the hands of Mr. Shallcross, her attorney, who had written to Bolton and received a reply from him, which had been lost. After proving its loss secondary evidence of its contents was admitted. Thomas Rowland, a witness for plaintiff testified that he had the letter in his possession and read it several times, and thought he could give the contents word for word viz.: "We owe her the money ; we will pay it some day ; can't say when.—H. B. BOLTON." Mr. Shallcross testified : "It is utterly impossible for me to give the exact phraseology of the letter ; my distinct recollection is that it first acknowledged the receipt of my letter and admitted the indebtedness upon the note ; that they could not pay the note then, but that sometime in the future—it was indefinite as to the time—the note would be paid. That is about all my recollection of the answer to my letter."

The defendant admitted receipt of Mr. Shallcross's letter, and that he had replied to it, but said he could not find the former, and could not remember the contents of his reply, of which he kept no copy.

In answer to points presented by the defendant the court instructed the jury that if they found from the testimony "that the defendant made a clear, unequivocal, express and

unambiguous promise to pay the plaintiff's debt, then the verdict must be for the plaintiff. But if this testimony, taken together, does not show such a promise—a clear, unambiguous, express promise to pay this debt—then the verdict must be for the defendant."

Verdict, on February 8th, 1883, for plaintiff, for $556.40, against Henry B. Bolton. On March 20th, 1883, pending a rule for a new trial and in arrest of judgment, the plaintiff, by leave of court, filed an amended narr., nunc pro tunc, as of the day of trial, February 7th, 1883, wherein the plaintiff declared on the promise of the defendant, Henry B. Bolton, made subsequent to his discharge in bankruptcy, so as to make the pleadings conform to the issue actually tried by the jury. Exception. The rule for a new trial and in arrest of judgment was afterwards dismissed, and judgment was entered on the verdict; whereupon the defendant, Bolton, took this writ of error, assigning for error, inter alia, the instruction of the court as above cited, and the action of the court in permitting the amended declaration to be filed after verdict, nunc pro tunc, as of the day of trial.

*Henry M. Dechert,* for the plaintiff in error.

*Frank S. Simpson,* for the defendant in error.

Mr. Justice CLARK delivered the opinion of the court, February 25th, 1884.

This action was originally a foreign attachment, brought by Mary King against Thomas Bolton, Henry Bolton and John Bolton, trading or late trading as "The Bronx Company;" the attachment being dissolved, however, the action proceeded in assumpsit. The plaintiff's claim was upon a note of The Bronx Company, dated July 3d, 1872, for four hundred dollars, payable to the order of the plaintiff below, on demand, for value received. Upon the note was endorsed a payment, dated September 9th, 1879, of $28, interest to 3d July, 1877. This suit was brought 13th December, 1881. The defendants interposed the plea of the statute of limitations, and also a special plea of their discharge in bankruptcy from all debts contracted prior to 28th May, 1878. The plaintiffs joined issue on the plea of the statute, and replied to the special plea that the defendants, after they became bankrupts, ratified and confirmed their promises, etc., and upon this the defendants joined issue. On the trial, the record was so amended that Henry Bolton was the only defendant, and the verdict was against him alone.

The statute of limitations is a bar to the remedy merely, and

does not discharge the debt; there remains, therefore, besides the mere moral obligation to pay, the pre-existing indebtedness, as a consideration for a new promise; it has, therefore, been repeatedly held that from a clear, distinct and unequivocal acknowledgment, a promise may be inferred, if that acknowledgment is consistent with a promise. Palmer *v.* Gillespie, 95 Penna. St., 340; Wesner *v.* Stein, 97 Penna. St., 322; Lawson *v.* McCartney, 31 Pitts. Leg. Jour., 255. A promise, whether express or thus implied, has been regarded as a waiver of the statutory defence and the remedy is restored; the action must of course proceed upon the original contract, not upon the new promise.

But the mere acknowledgment of a debt, however clear, distinct and unambiguous it may be, in terms, is not now sufficient to restore a debt which has been discharged under the operation of the bankrupt law. Yoxtheimer *v.* Keyser, 11 Penna. St., 364; Canfield's Appeal, 1 W. N. C., 67; Allen *v.* Ferguson, 9 Bk'cy, L. R., 481. The effect of a discharge in bankruptcy is an absolute extinguishment of the debt, and not a mere bar of the remedy for its recovery. Nothing remains after the discharge but the moral obligation to pay, which, taken with the fact of the prior legal obligation, has been held to form a sufficient consideration for a new express promise; in the nature of the case however, there can not arise a promise by implication, as the mere acknowledgment of a debt would not create any liability, if, in fact, no debt existed. The promise to restore a debt from which the debtor has been discharged, whether by proceedings in bankruptcy or otherwise, must be a clear, distinct and unequivocal promise to pay the specific debt, not the expression of a mere intention to pay; it must be without qualification or condition, and must contain all the essentials of a valid express agreement, excepting only the element of a valid consideration; the moral obligation, taken with the fact of a pre-existing liability, will furnish the consideration. In an action upon such a claim the declaration must, therefore, be upon the new promise, and not the original, as the latter is extinguished by the discharge.

The facts principally relied on by the plaintiff below, to establish the fact of a new promise by Henry Bolton, to pay the debt, evidenced by the note of July 3d, 1872, and to relieve her claim, not only from the bar of the statute, but from the defendants' discharge, are contained in a letter written by the defendant to John Shallcross, Esq., who was the plaintiff's attorney in the collection of the note. The trial was had on the 6th February, 1883. Mr. Shallcross testified that about two years before the trial he wrote a letter in behalf of his client to Henry Bolton, concerning the note, and

received a reply in writing, which was passed into the hands of Thomas Rowland, and was afterwards mislaid or lost.

Mr. Rowland being called to testify as to the contents of this letter, says:

"The letter, I think, had a printed heading of the Bronx Company; it was signed H. B. Bolton, the defendant. I think I can give the contents word for word: 'We owe her the money; we will pay it some day, can't say when. H. B. Bolton.' I read the letter more than once; I think I have gone over the letter twice or three times; I took it home, and, I think, I have gone over that letter several times."

Mr. Shallcross, testifying on the same subject, says: "It is utterly impossible for me to give the exact phraseology of the letter; my distinct recollection about the letter is, that it first acknowledged the receipt of my letter, and admitted the indebtedness upon the note; that they could not pay the note then, but that sometime in the future, it was indefinite as to the time, the note would be paid. That is about all my recollection of the answer to my letter."

The language of the letter from Shallcross to Bolton was directed to the specific debt in suit, and the acknowledgment and promise contained in Bolton's reply, whatever may have been its precise form, were certainly also made with reference to the same debt. Whether Mr. Rowland or Mr. Shallcross stated correctly the contents of Mr. Bolton's letter, was a question for the jury; the testimony justified a submission; as an acknowledgment of indebtedness, and a promise to pay, combined in a single phrase, no form of words could be more distinct, clear and unequivocal than this: "We owe her the money; will pay it some day; can't say when." It is true no time was fixed for the payment, but no condition was annexed, no qualification superadded; the word "will" is auxiliary to "pay;" the letter was not the expression of mere sentiment, or of a willingness or intention to pay only, it contained a present positive promise, deliberately made by a business man in reply to a business letter, and an action was maintainable upon it as soon as made. If Bolton had written, "We owe her the money, will pay it," no one could, for a moment, doubt the sufficiency of such an explicit promise, and yet the time of payment is just as indefinite as if the words, "some day, can't say when" were added. If the promise is otherwise in proper form, it is unimportant that no particular time is designated for payment.

The action having been instituted as a foreign attachment, in which the funds accruing to the defendant from the Brooks' estate were attached, it was unimportant, we think, that the defendant was shown to have afterwards received his share;

[Perry v. Dicken.]

the record of the attachment exhibited the fact that this fund had been attached, and that the attachment had been dissolved on the entering of security. We regard this feature of the case as of little consequence to either party, and, even if the testimony might in strictness be considered as immaterial, we would be unwilling to reverse the judgment for that which could not have done any harm.

The statutes providing for amendments have always been liberally construed. The court was certainly right in making the order allowing the plaintiff to file an amended declaration after verdict and before judgment. The amended declaration was just in such form as "to make the pleadings and record conform to what was tried before the jury and found by the verdict," and was therefore within the letter of the Act of 14th March, 1872. Pur. Dig., 70, pl. 7. Reeside v. Hadden, 2 Jones, 243.

We are of opinion that this cause was rightly tried; we find no error in the record and the

Judgment is affirmed.

MERCUR, C. J., and GORDON, J., dissent, as they deem all the evidence clearly insufficient to revive a debt extinguished by a discharge in bankruptcy.