# James Huffman, Plff. in Err., *v.* Davis W. Johns.

A debt discharged by proceedings in bankruptcy is revived by a subsequent absolute and unconditional promise, by the debtor, to pay it, and by a partial payment.

(Decided October 18, 1886.)

Error to the Common Pleas of Greene County to review a judgment on a verdict for plaintiff in an action of trespass on the case on promises to pay a pre-existing liability.    Affirmed.

The facts of the case as they appeared in the court below are stated in the charge to the jury by INGHRAM, J.

"It appears from the evidence in this case that on the 10th day of December, 1873, the defendant, James Huffman, gave to the plaintiff, D. W. Johns, his note under seal calling for the payment of $325.50, one year after date.    From the evidence it doesn't appear that anything was done with that note, but it does appear that on the 17th day of July, 1876, the defendant, James Huffman, was adjudicated a bankrupt; and on the third day of December, 1879, he was discharged in bankruptcy, of course dating back to his adjudication on the 17th day of July, 1876; and that relieved him from all liability on this note.

"But it is claimed by the plaintiff that on or near the first of July, 1880, he called upon the defendant at his house and asked him to renew the note dated on the 10th day of December, 1873, but that the defendant refused to renew it, but said that he must and would pay it; and it is claimed by the plaintiff that he offered to give him a horse on the note, which he considered worth $100; and that he, the plaintiff, agreed that he would take the

NOTE.—To revive a debt discharged in bankruptcy the promise must be clear and express.  Hobough v. Murphy, 114 Pa. 358, 7 Atl. 139; Hazleton's Estate, 1 W. N. C. 67; Yoxtheimer v. Keyser, 11 Pa. 364, 51 Am. Dec. 555. But if this can be shown, there may be a recovery.  Haines v. Stauffer, 13 Pa. 541, 53 Am. Dec. 493; McKinley v. O'Keson, 5 Pa. 369; Osner v. Conrad, 1 W. N. C. 601.  The action must be based on the new promise.  Murphy v. Crawford, 114 Pa. 496, 7 Atl. 142.  But if not, the declaration may be amended.  Reeside v. Hadden, 12 Pa. 243.  And if the judgment has been entered, it will not be stricken off, though the suit was on the old debt. Kearns v. Boyle, 36 Phila. Leg. Int. 460,

horse on the note, and that they went to the field to look at the horse; that they did look at him, but the defendant wanted to use the horse for a few days in some of his farming operations, possibly; and that he left him there, but when he went back the defendant claimed that the horse was worth $120.

"The plaintiff claims that he said he would give him credit on the note for the horse and that the defendant sanctioned that proceeding, and he claims that he afterwards did give the defendant credit on the note for $120, the price of the horse, and also gave the defendant a pocket receipt for the amount of the value of the horse. This is, as we remember it, the evidence on the part of the plaintiff on which he relies for a recovery in this action, claiming that there has been such a promise on the part of the defendant to pay this debt, as would render him liable to a recovery in this action.

"On the part of the defendant it is not denied that he gave the plaintiff the horse on the note, or as a payment on the note, but he claims that it was under different circumstances and under a different state of facts than that claimed by the plaintiff. He claims that the plaintiff came to his house or his place, about the first of July, 1880, and asked him to renew the note, but that he declined and refused to do so, but stated to the plaintiff that he would like to pay the note, but was unable to do it. It is claimed also that he stated to the plaintiff that he would give him the horse on the note if he, the plaintiff, would release the defendant, or rather discontinue a suit in the name of the administrators of Cowan against the defendant and his brother that was then pending in this court; and further, that if he would discontinue that suit and give him an opportunity to pay the note by assisting him (the plaintiff then being a candidate for the nomination for treasurer of the county, and the defendant believing the plaintiff's prospects for the nomination were pretty fair)—that he stated to the plaintiff that if the plaintiff would give him an opportunity of clerking for him and collecting money for him, he would in that way pay the note; and he claims that he made no other promise than that; that he did state in reply to the request of the plaintiff to renew the note, that he wouldn't do it; that he would like to pay it, and if the plaintiff would give him the opportunity he would pay it, and that he would give him the horse on the note, if he, the plaintiff,

would release the suit then pending against him in the name of the administrators of Cowan.

"The defendant claims that the promise, if any was made, was entirely conditional upon his being allowed to assist the plaintiff in his business, in his office, and that the further condition was that they would discontinue the proceedings in the Cowan suit against the defendant; and he claims that the proceedings in that case were not discontinued, and the record in that case shows that they proceeded until he was finally successful in recovering a verdict in his favor on the 21st of April, I believe, 1885.

"It is claimed by the defendant that whatever promise was made about the first of July was conditional and entirely so; that the condition failed and that he is not now responsible for this note or the balance of it, after deducting the credit of the price of the horse.

"On the part of the plaintiff it is not denied that they had some conversation about the Cowan suit, and about assistance in the office of treasurer if the plaintiff should be nominated and elected; but he claims that the promise to pay the note was before that, that the promise to pay the note was made at or near the house of the defendant and that nothing was said about assisting in the office of treasurer, and that nothing was said about the Cowan suit at that time; but that after they had been talking there awhile and the promise had been made and they had gone to the field to look after the horse, and were out in the field, or returning to the house afterwards, the defendant did say something afterwards about the discontinuance of the Cowan suit and about clerking in the office of treasurer for him, or collecting moneys for him, but he denies that such conversation took place at the time the promise, as he claims, was made.

"The question for you to determine, gentlemen of the jury, is whether there has been an absolute promise to pay this note or debt since the discharge of the defendant in bankruptcy. Whatever promise was made was made, of course, since his discharge in bankruptcy, that having taken place in December, 1879; and it is claimed by the plaintiff that the promise which he alleges was made was made in July, 1880. It will be a question of fact for you to determine from all the evidence in the case, relying upon your own recollections of the testimony as to what has been testified to on the one side or the other. It is not what we may state was the testimony, or what the counsel may state that you

are to rely upon in making up your verdict, but it will be your duty to remember the testimony of the witnesses, and upon your recollection of it make up your verdict. . . .

"If the jury should find that there was a promise of the defendant, that it was an absolute promise to pay the amount of that note, and that he did pay the $120 on it, then the plaintiff would be entitled to recover, and your verdict should be for the plaintiff for the balance of the note with its interest. . . .

"If the jury should find from the evidence that it was a conditional promise, not unconditional and absolute on the part of the defendant to pay, then the plaintiff is not entitled to recover, and your verdict should be for the defendant. It will be altogether a question of fact for you, gentlemen of the jury, under evidence in the case. If you believe it was unconditional and absolute after his discharge in bankruptcy, then the plaintiff is entitled to recover, and your verdict should be for the plaintiff for the balance of the note, with its interest down to the present time. If, on the other hand, you find that the promise was not unconditional and absolute, the plaintiff would not be entitled to recover, and your verdict should be for the defendant."

The jury found a verdict for plaintiff, upon which judgment was entered; and defendant took this writ, assigning errors as follows:

1. The court erred in affirming plaintiff's point, as follows:

"That if the jury believe from the evidence that the defendant promised to pay the plaintiff after his discharge in bankruptcy as stated by plaintiff, to wit: 'I must and will pay it,' in speaking of the note, and paid by a horse $120, on said note, the plaintiff is entitled to recover the residue of said note."

2. The court erred in refusing defendant's second point, as follows:

"Under all the evidence in the case the verdict of the jury should be for the defendant."

*Sayers & Son,* for plaintiff in error.—When a case is submitted to a jury upon clearly insufficient evidence, such as no court ought to sustain a verdict upon, it is its plain duty to reverse. Cauffman v. Long, 82 Pa. 80 and cases cited.

If there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it

should be submitted; if not it should be withdrawn from the jury. Hyatt v. Johnston, 91 Pa. 196.

It is not enough that there was a recognition of the debt or payment made on same after discharge in bankruptcy; there must be an express promise to pay, unconditional and absolute. Canfield's Appeal, 1 W. N. C. 67; Yoxtheimer v. Keyser, 11 Pa. 366, 51 Am. Dec. 555.

The effect of such evidence has been carried very far to avoid the statute of limitations; much farther than it ought to be in order to avoid a bankrupt's discharge, which would otherwise be a dead letter. Id.

The decisions of this court apply very strict rules to acknowledgments, to take the case out of the statute of limitations. Johns v. Lantz, 63 Pa. 324; Shaffer v. Hoffman, 17 W. N. C. 501; Landis v. Roth, 16 W. N. C. 309.

*A. A. Purman* for defendant in error.

PER CURIAM:

In order to restore the legal efficacy of a debt discharged by proceedings in bankruptcy, the promise to pay must, undoubtedly, be unambiguous and explicit. But in the case in hand, as the jury has found, there was not only an absolute and unconditional promise by the defendant to pay the note in controversy, but also a partial payment. Than this there could be nothing more unequivocal, and it fully and in every particular complies with the rule for the revival of the discharged debt.

Judgment affirmed.