## SUNDLING v. WILLEY.

1. Where both parties move for a directed verdict, and neither requests the submission of the cause to the jury, the facts become undisputed, and the trial court may draw all the inferences therefrom that a jury might have drawn had the cause been submitted to it.

2. A letter written by a debtor after a discharge in bankruptcy, in which he stated that the addressee should have her money even if it was but a little at a time, and that the debtor would pay no one else, but that the addressee should be paid in full as soon as possible, constituted sufficient evidence of a new promise to support an action on the claim.

3. A promise to pay "as soon as possible," made after a discharge in bankruptcy, is not a conditional promise, and as such insufficient to support an action on the original demand.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by Emma Sundling against W. E. Willey, impleaded with another. From a judgment for plaintiff, defendant appeals. Affirmed.

*Davis, Lyon & Gates,* for appellant.

Personal notice of the application for the bankrupt's discharge is not essential to the binding force of the discharge.

Hanover National Bank v. Moyses, 186 U. S. 181; Bray v. Cobb, 100 Fed. 270; Fider v. Mannheim, 81 N. W. 2.

The promise by which a discharged debt is revived must be clear, distinct and unequivocal. Allen v. Furguson, 18 Wall. 1; Murphy v. Crawford, 114 Pa. St. 496; Lawrence v. Harrington, 122 N. Y. 408; Biglow v. Norris, 139 Mass 12.

It differs from a debt barred by the statute of limitations, for an acknowledgment of the old debt or partial payments made upon it, will not revive a debt discharged in bankruptcy. Allen v. Ferguson, supra; Lawrence v. Harrington, supra; Bigelow v. Norris, supra.

*Joe Kirby*, for respondent.

In weighing the evidence and determining therefrom whether the defendant intended by his letter to make a new promise, and recognized the debt as one he intended to pay, his payment the next day, after filing his petition in bankruptcy is a pregnant fact, and the court sitting in this case as a jury was at liberty to infer, from all the evidence, a new and sufficient promise. Hubbard v. Harrell, 87 Ind. 215; Hill v. Trainer, 5 N. W. 926; Craig v. Seitz, 30 N. W. 347; International Harvester Co. v. Lyman, 96 N. W. 87; Trimble v. Rudy, 53 L. R. A. 362; Huffman v. Johns, 6 At. Rep. 205; Pratt v. Russell, 7 Cush. 462; Knapp v. Hoyt, 10 N. W. 925; Bolton v. King, 105 Pa. St. 78.

A promise to pay "as soon as possible", made after a discharge in bankruptcy, is not a conditional promise and as such insufficient to support an action on the original demand. Norton v. Shepard, 48 Conn. 141; First Congregational Society v. Miller, 15 N. H. 520; Butterfield v. Jacobs, 15 N. H. 140; Cummings v. Gasset, 19 Vt. 308; Sluby v. Champlin, 4 Johns. 461;

DeForest v. Hunt, 8 Conn. 180; Brown v. Keach, 24 Conn. 73; Blakeman v. Fonda, 41 Conn. 561.

CORSON, P. J.   This was an action by the plaintiff to recover of the defendants the amount claimed to be due upon a promissory note executed by the defendants on December 12, 1895, in which they promised to pay the plaintiff the sum of $700 one year after date, with interest at 8 per cent. per annum. There were two payments indorsed upon the note of $100 each —one July 13, 1898, and the other September 28, 1898. Defendant Willey, in his answer, admitted the allegations of the plaintiff, and alleged as a defense his discharge in bankruptcy. The plaintiff, in her reply, admitted the defendant's discharge in bankruptcy, but alleged that since the said discharge the defendant had voluntarily promised, both in writing and orally, to pay the said note.   At the close of all the evidence the defendant Willey moved the court to direct the jury to find a verdict in his favor, and, that motion being denied, the plaintiff thereupon moved for the direction of a verdict in favor of the plaintiff, which motion was granted.   From the judgment thereupon entered the defendant Willey has appealed.

The only question presented that we deem it necessary to consider and discuss in this opinion is as to whether or not there was a new promise by the defendant Willey to pay the note in controversy subsequent to the adjudication of his bankruptcy in the United States District Court.   Both parties having made motions, the defendant for the direction of a verdict in his favor and the plaintiff for the direction of a verdict in her favor, and no request having been made by either party for the submission of the case to a jury, the facts must be regard-

ed as undisputed, and the trial court was authorized to draw all inferences therefrom that a jury might have drawn had the case been submitted to a jury in the ordinary manner. Yankton Ins. Co. v. Fre., E. & M. V. Ry. Co., 7 S. D. 428, 64 N. W. 514; Grigsby v. Tel. Co., 5 S. D. 561, 59 N. W. 734. In the former case this court says: "Both parties, by their respective motions, in effect admitted there were no disputed facts to be submitted to the jury, and virtually agreed to submit the questions of both law and fact to the judge; and under such circumstances, if there is evidence sufficient to uphold the decision, it is not error for the court to direct a verdict." The evidence as to the new promise on the part of the defendant Willey relied upon by the plaintiff is, first, a letter written by Willey, the material parts of which are as follows: "We have got through bankruptcy and been discharged from all debts. So I told you and Emma you should have your money; so you shall, but I won't lie to you and tell you I will send it soon, for I know I cannot, but will as soon as possible; if I don't send only a hundred at a time, you will get it.   *   *   *   You girls is all I will pay out of all our debts. You worked hard for your money, and you shall be paid in full as soon as possible; that is the best I can do. We won't try to pay anybody else, as we are free from all of them by the courts. That was a good law for the unfortunates in business, but believe me, we will not take any advantage of you and Emma, nor never intended to. I got your letter this morning while setting at my desk; never got up until I answered it; see if you can do as well. Kindest regards to all. I still remain, Your friend, W. E. Willey." The testimony of the plaintiff upon the subject was as follows: "They [Willey & Williams] were in partnership. I did dining

room work.  W. E. Willey owed me $700.  He gave me the note [sued on] for my work.  It has not been paid except the indorsements on the back.  One of the indorsements is as follows:  'Paid on the within note, $100, September 28th, 1898.' I received the money that date from W. E. Willey.  The indorsement is in his handwriting.  I saw him write it. * * * Q. When did you first learn, if at any time, that the defendant had gone into bankruptcy?  A.  I think some time the latter part of December, when we received a letter from him, written to us both, but addressed to my sister, Mary Sundling, which was shown me immediately after its receipt, and which I read.  Q.  I now show you a letter written upon a letter head of the Merchant's Hotel, and marked 'Exhibit B' [the letter above printed], and ask you what that is?  A.  That is the letter which I referred to.  It is in the handwriting of W. E. Willey.  The Emma referred to in the letter is myself.  I have relied upon the promise made in this letter to pay the amount due me."  Mary Sundling, plaintiff's sister, after referring to the $100 payment on September 28, 1898, in her presence, testified:  "I got a letter from W. E. Willey of December, 1898, [Exhibit B].  It is in his handwriting.  I read the letter to my sister.  The Emma spoken of in this letter is my sister."  It may be proper to observe here that the petition in bankruptcy was filed on the 27th day of September, 1898, and it will be noticed that the payment of $100 was made and indorsed on the note September 28, 1898, one day after the filing of the petition in bankruptcy.  This fact is important, taken in connection with the letter introduced in evidence, as tending to show that Willey regarded the debt to the plaintiff as a debt of honor, and one that he should pay.

It is contended by the appellant that there is no clear, ex-
plicit, and express promise on the part of the appellant to pay
the plaintiff the amount remaining due upon the note; but, in
the view we take of the case, the letter itself constituted a suf-
ficiently clear and express promise to pay to take it out of the
provisions of the bankruptcy act, and that the jury would have
been fully justified in finding from the evidence an express
promise to pay the debt.  The defendant, in the letter, says:
"So I told you and Emma you should have your money; so you
shall.  *  *  *  If I don't send only a hundred at a time, you
will get it.  *  *  *  You girls is all I will pay out of all our
debts  You worked hard for your money, and you shall be
paid in full as soon as possible; that is the best I can do."  It
would be difficult for a party making a new promise to make it
more clear, specific, and certain than the  promise here made.
Could any one reading that letter come to any other conclusion
than that the defendant was by that letter pledging himself to
the plaintiff and her sister to pay them in full the amount due
them?  Huffman v. Johns, 6 Atl. 205; Bolton v. King, 105 Pa.
78; Trimble v. Rudy, 53 L R. A. 362 (note); Graig v. Seitz, 30 N.
W. 347; Pratt v. Russell, 7 Cush. 462; Knapp v. Hoyt, 10 N. W.
925, 42 Am. Rep. 59; Hubbard v. Harrell, 87 Ind. 215; Hill, v.
Trainer, 5 N. W. 926.  The promise by the defendant in the
case at bar is more clear, explicit, and certain than that held
to be sufficient in the case of Bolton v. King, supra, which was
a new promise alleged to have been made after a discharge in
bankruptcy.  In that case a letter was relied upon as evidence
of the new promise, but the letter itself was not produced,
having been lost or destroyed; but its contents were proven,
and are, in substance, as follows:  "We owe her the money;

will pay it some day; can't say when." In speaking of this letter the Supreme Court of Pennsylvania says: "The language of the letter from Shallcross to Bolton was directed to the specific debt in suit, and the acknowledgment and promise contained in Bolton's reply, whatever may have been its precise form, were certainly also made with reference to the same debt. Whether Mr. Rowland or Mr. Shallcross stated correctly the contents of Mr. Bolton's letter was a question for the jury. The testimony justified a submission. As an acknowledgment of indebtedness and a promise to pay, combined in a single phrase, no form of words could be more distinct, clear, and unequivocal than this: 'We owe her the money; will pay it some day; can't say when.' It is true no time was fixed for the payment, but no condition was annexed, no qualification superadded. The word 'will' is auxiliary to 'pay.' The letter was not the expression of mere sentiment, or of a willingness or intention to pay only. It contained a present positive promise, deliberately made, by a business man, in reply to a business letter, and an action was maintainable upon it as soon as made. If Bolton had written, 'We owe her the money, will pay it,' no one could for a moment doubt the sufficiency of such an explicit promise; and yet the time of payment is just as indefinite as if the words, 'some day, can't say when,' were added. If the promise is otherwise in proper form, it is unimportant that no particular time is designated for payment." That learned court in that case also discusses the distinction between the acknowledgment of a debt sufficient to take the case out of the statute of limitations and a new promise required after a discharge in bankruptcy and says: "The effect of a discharge in bankruptcy is an absolute extinguishment of the debt,

and not a mere bar of the remedy for its recovery. Nothing remains after the discharge but the moral obligation to pay, which, taken with the fact of the prior legal obligation, has been held to form a sufficient consideration for a new express promise. In the nature of the case, however, there cannot arise a promise by implication, as the mere acknowledgment of a debt would not create any liability if, in fact, no debt existed. The promise to restore a debt from which the debtor has been discharged, whether by proceedings in bankruptcy or otherwise, must be a clear, distinct, and unequivocal promise to pay the specific debt, not the expression of a mere intention to pay. It must be without qualification or condition, and must contain all the essentials of a valid express agreement, excepting only the element of a valid consideration. The moral obligation, taken with the fact of a pre-existing liability, will furnish the consideration." The appellant has cited a large number of cases in which the new promise was not held to be sufficiently clear and direct to warrant the court and jury in finding the defendant liable thereon. But a review of these cases would serve no useful purpose, as the language used in the different cases claimed to constitute a new promise was not, in our opinion, so strongly in favor of the plaintiff as the new promise made by the defendant in the case at bar. Undoubtedly the rule is, as stated by the appellants' counsel, that the new promise should be clear, certain, and explicit. But as we view the letter of the defendant, we think the promise on his part was clear, certain, and explicit, and could leave no doubt in the mind of his intention at the time to pay the plaintiff the full amount due her, notwithstanding his discharge in bankruptcy.

Appellants' counsel contends that the words "as soon as possible," used in the letter, relied upon by the plaintiff, render the promise conditional.   But the courts do not seem to so regard it.   Brown v. Keach, 24 Conn. 73; Butterfield v. Jacobs, 15 N. H. 140; Blakeman v. Fonda, 41 Conn. 561; De Forest v. Hunt, 8 Conn. 180; Sluby v. Champlin, 4 Johns. 461; Cummings v. Gassett, 19 Vt. 308; First Cong. Society v. Miller, 15 N. H. 520; Norton v. Shepard, 48 Conn. 141, 40 Am. Rep. 157.   In Norton v. Shepard, supra, the supreme court of Connecticut says:   "In the case at bar the promise of the defendant was, 'I will pay them [referring to the debts] as soon as possible,' and the question is whether those words constitute a sufficient acknowledgment to take the case out of the statute, in view of the principles above stated.   The defendant insists that the promise referred to was conditional, and that it cannot avail the plaintiff without proof that it was possible for the defendant to pay.   It seems to us that the words 'as soon as possible' are too uncertain and indefinite to amount to a condition.   They do not point to any future event capable of proof.   It is said they mean 'as soon as I am able.'   This would not help the matter, unless we assume that general financial ability is intended, which might be susceptible of proof.   But neither the words nor the context requires this restricted meaning.   If the debtor should have sufficient property to pay all his debts, it would not follow that it was not possible to pay the debt in question."

Taking this view of the evidence, the court was clearly right in denying the motion of the defendant for the direction of a verdict in his favor, and in granting the motion of the plaintiff for the direction of a verdict in her favor.

The judgment of the court below and order denying a new trial are affirmed.