## The Star Independent Oil Company v. Landis.

*Bankruptcy—Discharge—Renewal of obligation.*

While a bankrupt may bind himself by a promise after his discharge to pay a debt which has been extinguished by his discharge, the consideration being his moral obligation, such promise must be clear, distinct and unequivocal, and a promise by the bankrupt before discharge to give a judgment note for the debt after his discharge, which he refused to do, will not sustain a suit to recover.

Rule to strike off judgment of non-suit. C. P. Lancaster Co., Sept. T., 1923, No. 19.

*K. L. Shirk* and *John A. Coyle*, for plaintiff and rule.

*Paul A. Mueller* and *John M. Groff*, for defendant.

LANDIS, P. J., June 20, 1925.—The statement in this case alleged that the action was "brought on a written contract for oils and gasoline sold by the

defendant for the plaintiff in accordance with said contract attached hereto," and, also, that "the plaintiff delivered to the defendant . . . oils and gasoline to the amounts and for the prices specified in the enclosed account, which is a true and correct copy of plaintiff's books of original entry. . . . The prices charged therein for said oils and gasoline are fair prices for same, which the defendant agreed to pay when the oils and gasoline were sold, according to the terms of the contract." Then follows: "The defendant, on Dec. 3, 1921, was duly adjudged a voluntary bankrupt in the United States District Court for the Eastern District of Pennsylvania," and that "the defendant, subsequent to the time he was adjudged bankrupt, promised and agreed with the plaintiff that he would pay the obligation which was due the plaintiff for the oils and gasoline which had been sold by him, and thereby revived the debt."

It appeared in the testimony of Owen P. Bricker, Esq., that the only obligation which had been given by the defendant for the debt was a check, which was not paid, and was, therefore, protested, and that, upon counsel for the plaintiff threatening to bring a criminal suit, the defendant promised to give a judgment note for the debt as soon as he was discharged as a bankrupt; that he was discharged as a bankrupt, and he then refused to give the judgment note. Under this state of facts, a judgment of non-suit was entered.

"The effect of a discharge in bankruptcy is an absolute extinguishment of the debt and not a mere bar of the remedy for its recovery. Nothing remains after the discharge but the moral obligation to pay, which, taken with the fact of the prior legal obligation, has been held to form a sufficient consideration for a new express promise; in the nature of the case, however, there cannot arise a promise by implication, as the mere acknowledgment of a debt would not create any liability, if in fact no debt existed. The promise to restore a debt from which the debtor has been discharged, whether by proceedings in bankruptcy or otherwise, must be a clear, distinct and unequivocal promise to pay the specific debt, not the expression of a mere intention to pay; it must be without qualification or condition, and must contain all the essentials of a valid express agreement, excepting only the element of a valid consideration; the moral obligation, taken with the fact of a pre-existing liability, will furnish the consideration. In an action upon such a claim, the declaration must, therefore, be upon the new promise and not the original, as the latter is extinguished by the discharge:" Bolton v. King, 105 Pa. 78.

In Hobough v. Murphy, 114 Pa. 358, it was held that, "although the effect of a discharge in bankruptcy is to extinguish a pre-existing debt—not merely to bar the remedy upon it—yet the moral obligation of the debtor is a sufficient consideration to support an express promise to pay it." In Murphy v. Crawford, 114 Pa. 496, it was said: "In a suit of this kind, to recover a claim which had been barred by a discharge in bankruptcy, the following distinct principles may certainly be considered as settled by the decision of the court: First, the effect of the certificate in bankruptcy is to extinguish the debt, not merely to bar the remedy for its recovery; second, the prior legal obligation is a sufficient consideration for a new promise to pay it; third, the promise, to be effective, must be clear, distinct and unequivocal, without qualification or condition; and fourth, in an action upon such claim, the declaration must be upon the new promise and not upon the original obligation." See, also, M. Frank, trading as The Fashion, v. Harry Contor, 32 Lanc. Law Rev. 180.

As the testimony of the plaintiff showed that the defendant was discharged in bankruptcy, it follows that the discharge extinguished the debt. While he might have thereafter, by a sufficient promise, renewed his indebtedness, it is not claimed that he ever did so. On the contrary, it is admitted that any

The Star Independent Oil Company *v.* Landis.

promise given by him was made prior to the discharge and not afterwards; that, after his discharge, he refused to give a judgment note or pay the debt. Under these circumstances, the alleged promise was not effective to renew the original indebtedness, and was not sufficient on which to base the present action. The facts were all admitted in the plaintiff's case, and we were of the opinion that he could not maintain his action. A review of the authorities leads us to believe that the case was properly decided and that the judgment of non-suit should not be stricken off.

The rule is, therefore, discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.