### Kravitz, Admr., Appellant, *v.* Povlotsky.

Argued November 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph B. Englander,* with him *Samuel Erwin Kravitz,* for appellant.

*George Maxman,* for appellee.

PER CURIAM, January 9, 1939:

Appellee borrowed from Max Kravitz $3,000 on a note dated June 24, 1927. In 1931 appellee was forced into bankruptcy and December 8, 1934, was discharged. The note was listed among the bankrupt's liabilities and it was admitted that the obligation was discharged. Appellant, administrator of Kravitz, who died in 1937, claims under a new oral promise by appellee in 1935, subsequent to his discharge, that he would pay the amount of the note with interest. The court below held that the promise was not distinct and that the estate could not recover.

As stated by the court below, a discharge in bankruptcy of a preëxisting debt is the absolute extinguish-

ment of the obligation and not a mere bar of the remedy: *Bolton v. King,* 105 Pa. 78, 81; *Hobough v. Murphy,* 114 Pa. 358, 359; *Murphy v. Crawford,* 114 Pa. 496, 497. However, even though the debt be discharged, if a new express promise to pay is made, there is a moral obligation present which forms sufficient consideration to make the new promise binding. In case of such promise the creditor sues on the new promise and not on the old: *Bolton v. King,* 105 Pa. 78; *Murphy v. Crawford,* 114 Pa. 496, 498.

To establish the legal validity of such a promise certain requisites are necessary. The mere acknowledgment of the debt and expression of an intention to pay is not sufficient to make a new binding obligation, nor can it be created by implication. To create such new obligation there must be a clear, distinct and unequivocal promise to pay the specific debt. The new promise must be without qualification or condition, and must contain all the essentials of a valid express agreement: *Bolton v. King,* 105 Pa. 78; *Murphy v. Crawford,* 114 Pa. 496; *Yoxtheimer v. Keyser,* 11 Pa. 364.

The court below held the testimony of appellant did not conform to these requisites. We agree with that conclusion. The testimony is noted in the reporter's notes.

Judgment affirmed.