McDermott, Appellant, v. Sulkin.

82

Argued December 9, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Nathan L. Reibman,* for appellant.

*Daniel L. McCarthy,* with him *George Weitzman,* for appellee.

OPINION BY RHODES, J., January 27, 1944:

Plaintiff has appealed from the judgment entered by the court below in favor of defendant notwithstanding the verdict of the jury in an action to revive the lien of a judgment by writ of scire facias. On November 1,

1930, appellee executed and delivered his judgment note in the amount of $650 to appellant. It contained a power of attorney authorizing a confession of judgment. It was filed in the office of the prothonotary and judgment entered thereon. Thereafter it was revived by the filing of an amicable scire facias. On June 4, 1937, appellee filed his voluntary petition in bankruptcy in the United States District Court for the Eastern District of Pennsylvania. At the time of filing the petition in bankruptcy appellee was indebted to appellant on the judgment note which is the subject of this action, and on other notes aggregating $600. On June 14, 1937, appellee filed his schedules in bankruptcy, and on October 29, 1937, he received his discharge in bankruptcy. In the schedules in bankruptcy so filed appellee did not list appellant among his creditors. On March 10, 1941, appellant caused a writ of scire facias sur judgment to issue against appellee to revive the lien of the judgment, which had been revived on April 25, 1935. Appellee filed an answer wherein he averred that the said debt was discharged by virtue of an adjudication and discharge in bankruptcy. The case came on for trial and the jury returned a verdict for plaintiff. Defendant's motion for judgment n.o.v. was granted by the court below because (1) appellant had actual knowledge of the bankruptcy proceedings; (2) there was no acknowledgment of the debt sufficient to make a new binding obligation; (3) had there been a new promise appellant would be obliged to sue on the new promise and not on the old obligation.

Appellant now contends (1) that her debt was not affected by the discharge in bankruptcy because it was not scheduled in time for proof and allowance; (2) that a promise made by appellee was sufficient to constitute a new obligation upon which suit could be brought; (3) that appellee was estopped from pleading discharge in bankruptcy.

The judgment of the court below will be affirmed.

Section 17 of the Federal Bankruptcy Act, 11 USCA §35, provides in part as follows: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as ...... (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

In *Barnes v. Silveus et al.*, 114 Pa. Superior Ct. 214, at page 218, 173 A. 837, at page 838, we said (quoting from *Birkett v. Columbia Bank*, 195 U. S. 345, 25 S. Ct. 38, 40, 49 L. Ed. 231): "'Actual knowledge of the proceedings, contemplated by the section [17 of the Federal Bankruptcy Act], is a knowledge in time to avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors.'"

Appellant admitted that appellee had stated to her that he was a bankrupt, and that he had advised her of the filing of his voluntary petition in bankruptcy. She also admitted that she went to the office of the clerk of the referee in bankruptcy and discussed the matter. There was other undisputed testimony that she had actual knowledge of the bankruptcy in time to prove her claim, and that she did not file her claim due to the fact that she considered it a waste of money to pay for the filing expense. Appellee's failure to incorporate appellant's claim in his schedules in bankruptcy did not deprive her of participation in the administration of the bankrupt estate, as she had actual knowledge of the proceedings in time to avail herself of the benefits of the law and to participate equally with other creditors.

It therefore follows that appellee's discharge in bankruptcy was an absolute extinguishment of the obligation, and not a mere bar of the remedy upon it.

*Kravitz v. Povlotsky,* 333 Pa. 75, 77, 3 A. 2d 922; *Murphy v. Crawford,* 114 Pa. 496, 498, 7 A. 142; *Hobough v. Murphy,* 114 Pa. 358, 359, 7 A. 139; *Bolton v. King,* 105 Pa. 78, 81.

Appellant endeavored to prove a subsequent agreement between herself and appellee as to the payment of her claim. To make a new binding obligation more is required than an acknowledgment of the debt and an expression of an intention to pay. As said in *Bolton v. King, supra,* 105 Pa. 78, at page 81: "The promise to restore a debt from which the debtor has been discharged, whether by proceedings in bankruptcy or otherwise, must be a clear, distinct and unequivocal promise to pay the specific debt, not the expression of a mere intention to pay; it must be without qualification or condition, and must contain all the essentials of a valid express agreement, excepting only the element of a valid consideration; the moral obligation, taken with the fact of a pre-existing liability, will furnish the consideration. In an action upon such a claim the declaration must, therefore, be upon the new promise, and not the original, as the latter is extinguished by the discharge." See, also, *Murphy v. Crawford,* supra; *Hobough v. Murphy,* supra; *Yoxtheimer v. Keyser,* 11 Pa. 364; 8 C. J. S., Bankruptcy, §583b, p. 1571; 28 Am. Jur., Insolvency, §94, pp. 839, 840.

But the present action was not instituted by appellant on any new promise made to her by appellee. The scire facias was a proceeding upon the judgment as such, and therefore is not an original action. "By the bankruptcy the judgment is extinguished; the new promise creates a new debt, for which the prior indebtedness is the consideration merely. The new promise, and not the judgment, is the meritorious cause of action": *Murphy v. Crawford,* supra, 114 Pa. 496, at page 499, 7 A. 142, at page 143. If appellant had established a new promise which was binding on ap-

pellee. her remedy was to sue on such new promise. *Kravitz v. Povlotsky,* supra, p. 78.

Appellant's argument is devoted principally to the doctrine of promissory estoppel. See *Fried v. Fisher et al.,* 328 Pa. 497, 501-503, 196 A. 39, 115 A. L. R. 147; *Volkwein v. Volkwein, Ex'r,* 146 Pa. Superior Ct. 265, 272, 22 A. 2d 81. To the present situation it could have no application. And what we have said disposes of appellant's alleged right to prevail in the present action.

Judgment of the court below is affirmed.