## SHEPHERD v. McDONALD.
### No. 11140.

Circuit Court of Appeals, Ninth Circuit.
Sept. 16, 1946.
Writ of Certiorari Denied Jan. 6, 1947.
See 67 S.Ct. 493.

Christopherson & Matthews, Paul M. Long, Coan & Rosenberg, and Ralph A. Coan, all of Portland, Ore., for appellant.

W. Ellis Richardson and Moe Tonkon, both of Portland, Ore., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court affirming a referee's order discharging the appellant bankrupt from all his debts except a judgment of the Oregon circuit court in appellee creditor's favor for the amount of certain promissory notes. In a prior bankruptcy proceeding appellant had scheduled as an indebtedness these promissory notes, which debt there had been discharged more than six years before the instant proceeding. Bankruptcy Act, Sec. 14, sub. c(5), 11 U.S.C.A. § 32, sub. c(5).

The referee found that in appellee's reply in the state court, in which court the judgment was secured, she had alleged that a new promise by appellant to pay the notes was made *before* the discharge in the first bankruptcy, and that a part payment on them had been made after the discharge. The referee made no finding as to whether a new promise, made *after* the discharge, was proved at the state court trial. However, appellee in her specification seeking the denial of the discharge in the second bankruptcy alleged a promise after the discharge in the first bankruptcy, as follows:

"Subsequent to his adjudication in bankruptcy in said proceeding No. B-16240 and *subsequent to his discharge* the bankrupt promised and agreed to pay to his objecting creditor the claim so scheduled and discharged." (Emphasis supplied.)

Appellant in his brief states as a fact

"The Bankrupt, in this case, did obtain a discharge in 1931. He *later* promised to pay Mildred McDonald, now Mildred Muck." (Emphasis supplied.)

This statement is not questioned in appellee's brief and agrees with appellee's statement in her specification above quoted. Neither the referee nor appellee's brief makes any contention based upon the claim that the promise was made prior to the first

discharge. We hence assume that the appeal must be decided on the basis of such agreement of the parties that a new promise was made by appellant Shepherd to appellee Muck after the discharge.

That such a judgment is based on the new promise to pay the notes and in turn based upon the debtor's moral obligation to pay the debt after its discharge has long been established.[1]

The district court did not hold the judgment was not a provable debt premitting the judgment creditor to share in the assets of the second bankruptcy. Its denial of discharge of the liability on the judgment was upon the ground, contra to the cases in footnote 1, that the new promise to pay the notes upon which the judgment rests is identical with the original promise of the notes. This second promise is held a waiver of the right of discharge in a future bankruptcy proceeding as to a judgment on that promise.

We do not agree. A judgment is specifically made a provable debt by Section 63, sub. a(1) of the Act, 11 U.S.C.A. § 103, sub. a(1).[2] Section 17, sub. a, of the Act, 11 U.S.C.A. § 35, sub. a, specifically states and prescribes the "Debts not affected by a discharge."[3] The exceptions of Section 17, sub. a, do not include a judg-

---

[1] In this circuit in 1899 in Mutual Reserve Fund Life Ins. Co. v. Beatty, 9 Cir., 93 F. 747, 756; in the Supreme Court in 1913 in Zavelo v. Reeves, 227 U.S. 625, 629, 33 S.Ct. 365, 57 L.Ed. 676, Ann.Cas.1914D, 664. Such holding is also that of the State of Oregon in National Bank v. Miller, 118 Or. 280, 290, 246 P. 726, though the character of a judgment as entitling it to the granting or denying of a discharge in bankruptcy is a matter of federal and not state law. Heiser v. Woodruff, 66 S.Ct. 853, 90 L.Ed. ——.

[2] "Debts which may be proved.

"a. Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; * * *"

[3] "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any State, county, district, or municipality; (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; or (5) are for wages which have been earned within three months before the date of

ment after a prior bankruptcy based upon a new promise to pay an obligation claimed and discharged in that prior bankruptcy. Section 17, sub. a, must be strictly construed in favor of the bankrupt.[4] The failure to include such a judgment among the exceptions brings it within the area of provable debt to be discharged in the second bankruptcy proceeding. Cf. Remington on Bankruptcy, 5 ed., Sec. 3219, Vol. 7, p. 455.

No case is cited by either the court, the referee or the appellee holding that a promise to pay based upon the moral obligation to pay a debt discharged in bankruptcy is a waiver of the right to a discharge of a judgment in a subsequent bankruptcy proceeding.

Appellee cites cases to sustain the contention respecting a waiver, summarized in Freshman v. Atkins, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L.Ed. 193, as "Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." Obviously, a denial of the discharge of a debt in a prior bankruptcy proceeding is res judicata that it is within the exceptions of Section 17.[5] If the district court were correct in its contention that the judgment was the identical claim discharged in the first bankruptcy, then the doctrine of res judicata would require it to be held dischargeable in the second bankruptcy.

■ Failure to apply for a discharge in the first proceeding within the former stat-utory period of 12 months, extended to 18 months on permission from the court,[6] bars that remedy, the statute making this period a limitation on the time in which the discharge may be procured.[7] This former time limiting statute barring the right to have the debt discharged, affords no ground for the district court's holding that the promise to pay a debt discharged in an earlier bankruptcy waives the right to a discharge in a subsequent bankruptcy proceeding of a judgment based on the new promise.

As appellant's brief contends, the Supreme Court states in Williams v. United States F. & G. Co., 236 U.S. 549, 554, 35 S.Ct. 289, 290, 59 L.Ed. 713, the beneficent purpose of the Bankruptcy Act is

" * * * to convert the assets of the bankrupt into cash for distribution among creditors, and then to relieve the *honest debtor* from the weight of oppressive indebtedness, and *permit him to start afresh free* from the obligations and responsibilities consequent upon *business misfortunes.* * * * And nothing is better settled than that statutes *should be sensibly construed,* with a view to effectuating the legislative intent. * * * " (Emphasis supplied)

■ That appellant is an "honest debtor" is here made clear by his recognition of his moral obligation to pay his discharged indebtedness with its consequent judgment against him. The Act is "sensibly construed" in holding that since, because of his "business misfortunes" the debtor has again become bankrupt, he should be per-

---

commencement of the proceedings in bankruptcy due to workmen, servants, clerks, or traveling or city salesmen, on salary or commission basis, whole or part time, whether or not selling exclusively for the bankrupt; or (6) are due for moneys of an employee received or retained by his employer to secure the faithful performance by such employee of the terms of a contract of employment."

[4] Gleason v. Thaw, 236 U.S. 558, 562, 35 S.Ct. 287, 59 L.Ed. 717; Davison Paxon Co. v. Caldwell, 5 Cir., 115 F.2d 189, 133 A.L.R. 432; In re Noble, D.C.D. Colo., 42 F.Supp. 684, 687; In re Caldwell, D.C.N.D.Ga., 33 F.Supp. 631, 634.

[5] Freshman v. Atkins, supra, cites on this In re Fiegenbaum, 2 Cir., 121 F. 69, 71. Cf. Heiser v. Woodruff, 66 S.

Ct. 853, 90 L.Ed. ——, holding res judicata in a subsequent bankruptcy the decision of absence of fraud in a state suit by the trustee in a former bankruptcy, and Colwell v. Epstein, 1 Cir., 142 F.2d 138, 156 A.L.R. 836, holding the dismissal of a prior bankruptcy proceeding was res judicata of the right to discharge indebtedness there claimed.

[6] Section 14, sub. a, of the Bankruptcy Act limiting the time within which a discharge may be applied for was amended in 1938, making the adjudication operate as an application for discharge. 11 U.S.C.A. § 32, sub. a.

[7] Freshman v. Atkins, supra, on this cites Kuntz v. Young, 8 Cir., 131 F. 719, 721; In re Loughran, 3 Cir., 218 F. 619, 621.

470

mitted to "start afresh [as] free" from the judgment his honesty has occasioned as from the other debts arising since the first bankruptcy proceeding.

The order refusing to discharge the judgment is reversed.

GARRECHT, Circuit Judge (concurring).

Both sides concur in the view that this is a case of first impression. The Referee is of the same opinion as is the author of a note regarding the instant case published in the Virginia Law Review of April, 1946.[1] My own independent research has likewise failed to bring to light any case directly in point.

There are four fundamental questions in this case—those relating to waiver, res judicata, moral consideration, and the basis of the creditor's suit in the state court. If that suit had been bottomed on the old debt the doctrine of waiver would have prevented the debt from being discharged in the present bankruptcy proceeding. If, on the other hand, the state action was based on the new promise, the judgment rendered therein correspondingly would partake of the nature of a new debt and would be dischargeable in the second bankruptcy. This being a case of first impression, it may well be that occasion in the future might arise for an extended consideration of the following authorities that have a bearing on the issue.

See 1 Williston on Contracts Revised Edition, § 203, pages 629-630; 6 Am.Jur. § 535, page 834; Needham v. Matthewson 81 Kan. 340, 105 P. 436, 437, 26 L.R.A.,N.S., 274, 135 Am.St.Rep. 374; 19 Ann.Cas. 146, and Note J thereto, appearing at page 387; Boynton v. Ball, 121 U.S. 457, 466, 7 S.Ct. 981, 30 L.Ed. 985; In re Cox, D.C., 33 F. Supp. 796, 798; In re Sweetser, D.C., 128 F. 165, 166, 167, cited with apparent approval in Ivanhoe Bldg. Assn. v. Orr, 295 U.S. 243, 246, 55 S.Ct. 685, 79 L.Ed. 1419, n. 6; Murphy v. Crawford, 114 Pa. 496, 7 A. 142, 143; Kravitz v. Povlotsky, 333 Pa. 75, 3 A.2d 922, 923; McDermott v. Sulkin, 154 Pa.Super. 81, 35 A.2d 556, 558.